EAST ST. LOUIS FINANCE COMPANY, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75090.   Promulgated October 13, 1936.

*Sidney J. Hayles, C. P. A.,* for the petitioner.
*O. W. Swecker, Esq.,* for the respondent.

1086

HARRON: This deficiency arises out of the respondent's determination that the petitioner is not entited to deduct as an ordinary and necessary business expense, under section 23 (a) of the Revenue Act of 1928, the entire amount of $8,000 which it paid to the Audit Corporation for auditing and supervision during the year 1931. The only issue raised by the pleadings is whether the respondent erred in disallowing the full amount of the deduction claimed.

The burden of proof to establish the deductibility of the expense and the amount of it, clearly is upon the petitioner. *Burnet* v. *Houston*, 283 U. S. 223. It is not questioned that the petitioner may deduct from its gross income a reasonable amount representing compen-

sation for services rendered in keeping a record of its transactions and supervising the management of its business. Although salaries are generally paid to individuals for such services, there is no apparent reason why amounts paid to another corporation should not come within the provision of the statute. But it must be shown that the compensation is reasonable in amount and that it is for personal services actually rendered. The action of the directors of the petitioner corporation in ratifying the payment in question is not conclusive of the reasonableness of such payment. See *L. Schepp Co.*, 25 B. T. A. 419, 429, where this Board held:

\* \* \* For the purpose of determining taxable net income, the deduction is limited to amounts which are reasonably commensurate with the personal services actually rendered and thus are no more than ordinary and necessary expenses of carrying on the business. Hence the directors' duty to the corporation is no criterion of the Commissioner's duty to limit the tax deduction within the statutory bounds, and the two are not in conflict. When the Commissioner has made a determination, the taxpayer who attacks it must prove by evidence of the services rendered and their value that a correct determination would exceed that of the Commissioner. Where the payments are to kinsfolk or to shareholders, the proof must also show that they were not influenced by family considerations and were not disguised distributions of profits. See *Botany Worsted Mills* v. *United States*, 278 U. S. 282; *Becker Bros.* v. *United States*, 7 Fed. (2d) 3; *United States* v. *Philadelphia Knitting Mills*, 273 Fed. 657; *Benz Bros. Co.*, 20 B. T. A. 1214; *C. S. Ferry & Son, Inc.*, 18 B. T. A. 1261; *Home Industry Iron Works*, 8 B. T. A. 1267; *Meyer Hecht*, 2 B T. A. 319; *Gustafson Mfg. Co.*, 1 B. T. A. 508.

In *New York Talking Machine Co.*, 13 B. T. A. 154, 161, it was held: "The question of the reasonableness of the salaries must be determined with reference to the volume of business, the profits made, the character of the services for which the compensation was paid, and all other pertinent facts shown."

In the instant proceeding the services performed for the petitioner by the Audit Corporation appear to have been ordinary bookkeeping services. The Audit Corporation owned all of the capital stock of six subsidiary companies, including the petitioner, and each company presumably received the same service from the Audit Corporation, so that each company should have had a similar expense. The Audit Corporation, however, did not charge all of its subsidiary companies for the services rendered during the taxable year but charged only the petitioner, the Peoria Purchasing Co., and the East St. Louis Brokerage Co., in the respective amounts of $8,000, $1,000, and $1,000. It is alleged in the petition with respect to the charges thus made against only three of the six subsidiary companies, as follows:

The charges were not made until the end of the calendar year for the reason that the parent corporation did not wish to burden its subsidiary corporations with adequate charges for supervision and financing if such charges would result in creating a deficit on the books of the subsidiaries. The charges made

by the parent corporation to its subsidiaries were never more but oftentimes less than commensurate with the benefits derived by the subsidiary corporations from their affiliation with the parent corporation.

The president of the petitioner testified that the charge of $8,000 was not based on any contract between the petitioner and the Audit Corporation. In reply to a question as to how this figure of $8,000 was arrived at, the president said:

I don't know why I was assessed that. I don't know why I had to pay $8,000. There might have been more work and more expense for them for us than some of the others.

The petitioner asserts that "the charges made by the parent corporation to its subsidiaries were never more * * * than commensurate with the benefits derived by the subsidiary corporations from their affiliation with the parent corporation." Whether or not this is true is within the judgment of the directors of the petitioner corporation. But to sustain its claim for deduction of the full amount of these charges from its gross income, the petitioner is obliged to show that the amount of the charges in question was reasonable and meets the statutory requirements for a tax deduction. In spite of this burden on the petitioner, it has failed to produce evidence to show the real value of these services to its business, or what amount it would be required to pay to some other agency for the same services as those rendered by the Audit Corporation, or whether the services were unique and of unusual value. The Audit Corporation had offices in Atlanta, Georgia, where the hearing was held, but none of its officers was present to testify on behalf of the petitioner with respect to the services rendered or the reasonableness of the total amount of the charge. Under these circumstances it is concluded that a charge of $8,000, constituting approximately one-third of petitioner's gross income, is not a reasonable charge for the services rendered within the statutory qualifications of the tax deduction.

The respondent has allowed a deduction of $1,901.88 for these services, and here again the burden is upon the taxpayer to prove that the services were worth more than the amount allowed by the respondent for the purposes of tax deduction. The petitioner has failed to prove that the services rendered to it by the Audit Corporation during the taxable year were reasonably worth more than $1,901.88. Having reached this conclusion, it is unnecessary to discuss the petitioner's contention raised in its brief that the provisions of section 45 of the Revenue Act of 1928 have not been properly applied in this case, and the respondent's theory that the payment of $8,000 amounted in part to a distribution of profits to the petitioner's parent corporation.

*Judgment will be entered for the respondent.*